## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MILTON VERAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 12-257-RAW-SPS |
| | ) | |
| MGR. TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss for plaintiff's failure to state a claim and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint (Docket No. 11), his supplement (Docket No. 13), the defendants' motion (Docket No. 27), plaintiff's responses (Docket Nos. 35 and 50), and the defendants' reply (Docket No. 52).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The remaining defendants are William Taylor, OSP H-Unit Manager; Officer Sherwood H-Unit Case Manager; Cpl. Graham, OSP Correctional Officer; Officer Peters, OSP Chief of Security; and Crystal McFarland, OSP F-Cellhouse Unit Manager.[1, 2]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendant Graham has not been served.

**Count I:  Retaliation for Accessing the Courts and Denial of Liberty Interest**

Plaintiff alleges in Count 1 of his amended complaint that Defendants McFarland, Graham, and Taylor retaliated against him for accessing the courts, and they denied him an unspecified liberty interest. According to plaintiff, Defendant McFarland avoiding stopping at plaintiff's cell when she made her weekly unit rounds. On or about October 15, 2011, plaintiff asked her if she would mail some documents for one of his cases in this court. She told him to have his case manager Arthur Woodmore mail the legal mail. Plaintiff responded that Woodmore had been gone at least three days for vacation. When McFarland moved on to visit with other inmates, plaintiff asked her if she was refusing to mail his legal mail. McFarland cautioned plaintiff that he would go to the D/U, if he did not stop talking to her. She then retaliated by ordering the shift sergeant to escort plaintiff to the D/U.

Defendant Graham allegedly was on another run during the conversation between plaintiff and McFarland. Although Graham was not present during the conversation, Graham told Lt. Roberts that plaintiff had cursed at McFarland while plaintiff was at his cell door.

After five days in the D/U, plaintiff was released back to F-Cellhouse, but was demoted from Level 1 to Level 2 until April 2012. He did not receive his personal property for at least three weeks or his state property such as clothing, sheets, blanket, and hygiene products, until January 20, 2012. No misconduct was filed against him. He asserts this treatment was further retaliation by McFarland for his pending lawsuit against OSP officials.

Plaintiff also asserts a vague and conclusory claim that was denied an unspecified liberty interest. He has presented no facts to support this claim.

**Count II:  Cruel and Unusual Punishment in Retaliation for Access to Courts**

Plaintiff next alleges that in May 2012 Defendants Peters, Taylor, and Sherwood subjected him to inhumane housing conditions in retaliation for his litigation. On May 7, 2012, Sgt. Horvat told plaintiff he was going to the D/U on the orders of Chief of Security Peters, but no grounds for the move were given. Plaintiff served 17 days in the D/U without a bed mat, lights, sheets, blanket, or functioning drinking water. He claims he was not given

2

a drinking cup or eating utensils for two days. Despite plaintiff's numerous requests, neither Defendant Taylor nor Defendant Sherwood, both H-Unit Managers, would house him in a cell with functioning drinking water, a bed mat, sheets, or a blanket. Again, no misconduct was issued.

On June 25, 2012, Plaintiff allegedly was placed again in H-Unit's D/U, in a cell with no functioning drinking water. He was released on July 2, 2012, and moved to a cell on C-side which was located in a secluded corner of the unit. Mr. Thomas allegedly told plaintiff, "That [sic] why we place you here."

On July 9, 2012, Case Manager Eric Thomas allegedly refused to accept plaintiff's outgoing legal mail containing an amended complaint. Plaintiff claims Thomas defaced the related disbursement forms for $6.03, in an attempt to deny plaintiff access to the courts. Plaintiff was returned to the F-Cellhouse on July 11, 2012, and the record shows an amended complaint was filed in this case on July 19, 2012.

It is well settled that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). The inmate, however, "is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Id.* Thus, to prevail on a claim for retaliation, a prisoner must show that, "but for" the retaliatory motive, the adverse action would not have taken place. *Id.* "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (citations omitted) (emphasis in original).

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff, however, has not alleged an actual injury from interference with his access, and he has continued to pursue legal action after his time in the D/U. He has filed this lawsuit and litigated another case in this court, CIV-10-093-FHS-SPS, to the Tenth Circuit. *See Williams*

3

*v. Steward*, No. 12-7022, 2012 WL 2821205 at *2 (10th Cir. July 11, 2012). With regard to the alleged retaliation for accessing the courts, the following analysis shows plaintiff has failed to support his claim:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (quotations omitted). "[W]hen the plaintiff alleges that the defendant's action was taken in retaliation for protected speech, our standard for evaluating that chilling effect on speech is objective, rather than subjective . . . a trivial or de minimis injury will not support a retaliatory prosecution claim." *Eaton v. Meneley*, 379 F.3d 949, 954-55 (10th Cir. 2004) (internal quotation omitted).

*Shero*, 510 F.3d at 1203.

Here, the court finds plaintiff has not alleged specific facts demonstrating retaliation because of the exercise of his constitutional rights or that his being placed in the D/U was "substantially motivated" by his accessing the courts. His amended complaint suggests instead that he was taken to the D/U in October 2011, because he had cursed at Defendant McFarland, not because he was exercising his right to access the court system. *Peterson* requires plaintiff to prove "but for the retaliatory motive," he would not have been sent to the D/U. *Id.*, 149 F.3d at 1144. Plaintiff does not deny in his amended complaint or in his response to the motion to dismiss that he cursed at McFarland. Because such an act by plaintiff would serve as a reason for taking him to the D/U, the court finds he has not shown the requisite "but for" causation. Plaintiff has failed to state a claim.

As for his time in D/U, plaintiff claims he suffered back pain and needed medication from sleeping on a concrete slab for seven days. His attached Request for Health Services, however, does not include a request for a bed mat, sheets, or a blanket. The DOC Segregation Measures Policy, OP-040204, incorporated by reference in plaintiff's amended complaint, provides exceptions to bedding and linens for inmates in segregation, if found

4

necessary by the senior officer on duty.[3]  The court finds plaintiff failed to make the showing required by *Shero* to prove a retaliation claim.

**Count III:  Attempted Promotion of Inmate-on-Inmate Assault**

Plaintiff claims that when it was time for him to leave D/U, he could have returned to the same cellmate.  On May 23, 2013, however, Defendant Taylor told him there was a cell available with Inmate McDonald.  Plaintiff asserts Taylor was aware of McDonald's "unruly" behavior and that McDonald was a known member of the 1960's Crips gang. Furthermore, plaintiff's June 2008 assault and injury by a '60s Crips gang member had been documented.  Plaintiff does not allege he was assaulted by Inmate McDonald.

The court finds plaintiff has not identified any statute or constitutional right that would entitle him to recover on this claim, and he makes no allegation that he was harmed in any way by the alleged placement with the '60s Crips gang member.  Recovery for an alleged deprivation of  a constitutional violation requires a showing of actual injury. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986).  ("'[The basic purpose of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"") (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)); *Lancaster v. Rodriguez*, 701 F.2d 864, 865-66 (10th Cir. 1983) (Eighth Amendment violations).  Because plaintiff has failed to show he suffered an actual injury as a result of his cell placement with the gang member, this ground for relief also fails to state a claim.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation.  The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine*

---

[3] In considering a motion to dismiss, the court may consider "documents that the complaint incorporates by reference."  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

*v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this  23rd  day of September 2013.

Ronald A. White

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

6